IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>    Plaintiff,<br><br>    v.<br><br>GERALD DOE, et al.,<br><br>    Defendants.<br>_____ | No.   C 13-2180 JSW (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(Docket No. 2, 4) |

      Plaintiff, an inmate in the Napa State Hospital and frequent litigator in this Court, has recently filed this pro se civil rights case. On May 18, 2000, this Court informed Plaintiff that under the "three-strikes" provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis* in federal court with civil actions filed while he is incarcerated. *See Grimes v. Oakland Police Dept.*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00). Since then, Plaintiff has continued to file hundreds of civil rights actions seeking *in forma pauperis* status. With respect to each action filed, the Court conducts a preliminary review to assess the nature of the allegations and to determine whether Plaintiff alleges facts which bring him within the "imminent danger of serious physical injury" exception to § 1915(g). In the past, Plaintiff has routinely been granted leave to amend to pay the full filing fee and to state cognizable claims for relief, but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g).

      In accord with this ongoing practice, the Court has reviewed the allegations in the

1 present action and finds that Plaintiff alleges no facts which bring him within the
2 "imminent danger" clause.  The complaint is unintelligible insofar as it sets forth
3 nonsensical or inherently implausible allegations such as "Congo mass murders and
4 terror cannibalisms."  On numerous occasions, Plaintiff has been informed that
5 allegations such as these do not establish imminent danger.  Therefore, it would be futile
6 to grant Plaintiff leave to amend.

7 Accordingly, this case is DISMISSED without prejudice under § 1915(g).  The
8 application to proceed *in forma pauperis* is DENIED.  No fee is due.  If Plaintiff is so
9 inclined, he may bring his claims in a new action accompanied by the $350.00 filing fee.
10 In any event, the Court will continue to review under § 1915(g) all future actions filed by
11 Plaintiff while he is incarcerated in which he seeks *in forma pauperis* status.

12 The Clerk of the Court shall close the files and terminate all pending motions in
13 the cases listed in the caption of this order.

14 IT IS SO ORDERED.

15 DATED: June 28, 2013

16 *[signature]*
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEROME GRIMES,

        Plaintiff,

  v.

MARTIN et al,

        Defendant.

Case Number: CV13-02180 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 28, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerome L. Grimes
Napa State Hospital
#206586-0/ Unit Q-1 & 2
2100 Napa Vallejo Highway
Napa, CA 94558

Dated: June 28, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk